# UNITED STATES DISTRICT COURT
## DISTRICT OF MINNESOTA

---

Kristine Aritt,

      Plaintiff,

v.

City of Plymouth and
Jim Barnes,

      Defendants.

Civil No. 05-1506 (DSD-JJG)


**REPORT
AND
RECOMMENDATION**

---

The above matter came before the undersigned for a hearing on September 5, 2006 on the defendants' motion to dismiss (Doc. No. 16). Plaintiff Kristine Aritt did not appear individually or through counsel. Defendants were represented by Julie A. Fleming-Wolfe, Esq. Defendants seek dismissal because Ms. Aritt (Aritt) has not responded to discovery. This motion is referred to this Court for a report and recommendation in accordance with 28 U.S.C. § 636 and Local Rule 72.1(c).

Defendants served Aritt with interrogatories, requests for production, and a notice of her deposition on December 8, 2005. Because Aritt did not timely respond, defendants contacted her through her counsel, Joel A. Franklin, Esq., in late January 2005. The deposition was rescheduled for February 14, 2006.

At some point prior to the rescheduled deposition, Mr. Franklin (Franklin) instructed Aritt to prepare some responses to the written discovery. Although Franklin informed Aritt about the date of the deposition, she evidently had little guidance about responding to discovery or appearing for the deposition. Franklin never appeared for the deposition and Aritt was late. When she arrived, Aritt supplied some

minimal responses to discovery, but it was too late for the deposition to take place.

Based on these difficulties, the defendants moved to compel discovery on February 28, 2006. Though the defendants made several attempts to communicate with Franklin, he did not respond, except for representing that Aritt would be acquiring new counsel. At the motion hearing, neither Aritt nor Franklin appeared.

By an order on March 14, 2006, this Court granted the motion to compel. The order provided that Aritt respond to discovery and appear for a deposition on or before March 24, 2006, and should she fail to comply, the defendants may move for dismissal. Pursuant to the instructions in the order, the Clerk mailed the order to Aritt at her last known address, and the mailing was not returned or rejected.

On March 24, 2006, the day that discovery was due, Franklin moved to withdraw from his representation of Aritt. In the motion, Franklin did not state whether he had informed Aritt about the developments in her case. Because Aritt did not respond to discovery in accordance with the March 14 order, the defendants moved to dismiss on April 13, 2006. The defendants served the motion papers to Franklin and to Aritt at her home address.

By an order on April 20, 2006, this Court deferred a ruling on Franklin's motion to withdraw. The order required Franklin to show that he had informed Aritt about the developments in her case, including the defendants' April 13 motion to dismiss, and whether Aritt had taken measures to retain substitute counsel. Once again, the Clerk mailed this order to Aritt at her last known address, and the mailing was not returned or rejected.

Franklin never responded to the April 20 order, and as a result, this Court denied his motion to withdraw by an order on May 8, 2006. Aritt responded by contacting this Court directly, through a letter

she filed on May 12, 2006. She stated that Franklin was no longer representing her, and she requested additional time to obtain counsel.

By an order on May 18, 2006, this Court gave Aritt until June 14, 2006 to obtain substitute counsel or proceed pro se. The order also provided that a hearing on the April 13 motion to dismiss would not be scheduled until Aritt obtained counsel or June 14, 2006, whichever was sooner. And again, the Clerk mailed this order to Aritt at her last known address, and the mailing was not returned or rejected.

Aritt did not obtain substitute counsel in the time allowed, and the defendants scheduled a hearing on their April 13 motion to dismiss for September 5, 2006. The defendants served Aritt with a notice of this hearing at her home address. Aritt has not communicated with this Court since the hearing was scheduled and has not filed any papers opposing the motion to dismiss. And Aritt did not appear at the September 5 hearing.

Dismissal with prejudice is a serious sanction, and it may only be imposed in cases of wilful disobedience with a court order or persistent failure to prosecute a complaint. *Doe v. Cassel*, 403 F.3d 986, 990 (8th Cir. 2005). But the actions of a party need not be in bad faith. A court need only determine that a party acted intentionally, as opposed to accidentally or involuntarily. *Hunt v. City of Minneapolis*, 203 F.3d 524, 528 (8th Cir. 2000).

A repeated, intentional failure to comply with discovery orders will supply a basis to dismiss with prejudice. *See Hutchins v. A.G. Edwards & Sons, Inc.*, 116 F.3d 1256, 1260 (8th Cir. 1997). Such a sanction is reasonable where the usefulness of further discovery proceedings is outweighed by the burden of maintaining the action on the docket. *Good Stewardship Christian Ctr. v. Empire Bank*, 341 F.3d 794, 797 (8th Cir. 2003).

Aritt had reason to know, by no later than February 2006, that Franklin was not effectively managing her case. When she received the March 14 order, she was put on notice that she needed to respond to discovery. When she received the May 18 order, she was also put on notice that she needed to obtain counsel. And Aritt received notice of the rescheduled motion to dismiss in June 2005. Aritt has not responded to these concerns, either with this Court or opposing counsel, since her letter of May 12.

Aritt has not made meaningful efforts to comply with discovery, even though she received repeated notice that she must do so. Aside from her letter of May 12, Aritt has not engaged in any action to further her prosecution of this case. Although the lack of communication by Aritt may not be a matter of bad faith, she had ample reason to know her case was in jeopardy, yet she knowingly took no further action. Under these circumstances, further proceedings are not likely to complete discovery or advance this litigation. As a result, it is appropriate that this matter be dismissed with prejudice.

Being duly advised of all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT:**

1.      The defendants' motion to dismiss (Doc. No. 16) be **GRANTED.**

2.      This matter be **DISMISSED WITH PREJUDICE.**

Dated this 15th day of September, 2006.                    s/Jeanne J. Graham

JEANNE J. GRAHAM
United States Magistrate Judge

### NOTICE

Pursuant to Local Rule 72.2(b), any party may object to this report and recommendation by filing and serving specific, written objections on or before October 4, 2006. A party may respond to the objections within ten days after service. Any objections or responses filed under this rule shall not exceed

3,500 words.  The District Court shall make a de novo determination of those portions to which objection is made.  Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the Court of Appeals for the Eighth Circuit.  Unless the parties stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this report and recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.